IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND FLORES,

    Plaintiff,

v.                                                                             CIV 02-979  BB/RHS

LESLIE JOHNSON, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Defendant's Motion for Summary Judgment Based on Qualified Immunity, filed July 22, 2003. [Doc. No. 26 ]. Having considered the motion, the response, and the entire record, the Court recommends that the motion be granted as to Defendant Massey and denied at this time as to Defendant Johnson.

Plaintiff, Raymond Flores, alleges that he was unlawfully detained and was denied access to the courts during the illegal confinement. On August 17, 2000, Magistrate Judge Larry Wood accepted Plaintiff's guilty plea on a first offense DWI aggravated charge and committed him to the Eddy County Detention Center ("ECDC") for 90 days with 88 days suspended for a jail term of two days. Exh. A to Plaintiff's Brief in Support of Summary Judgment on Qualified Immunity. Plaintiff spent 46 days in ECDC after completing his two day sentence.

Plaintiff was on parole from the Texas Parole Board, and allowed to live in New Mexico under the supervision of the Probation and Parole Office in Chavez County. He alleges that ECDC retained custody of him after his two day sentence at the request of Chavez County on a "verbal

1

hold" and that ECDC continued its custody based solely on a post-it note attached to his file which stated "hold for Texas per Kay Aubrey, New Mexico Parole Officer." Mr. Flores alleges that his repeated requests to be taken before a Judge regarding his claim for unlawful detention and to be allowed to use the telephone to contact an attorney were ignored by ECDC personnel. He was not brought for arraignment before a magistrate or district court judge during that 46 day period.

When Plaintiff presented his habeas petition to the state court, New Mexico State District Judge James Shuler ordered that he be immediately released from ECDC. Exh. B.[1] Plaintiff alleges that during the hearing on his habeas petition that Defendant Johnson testified that she did not know why the Plaintiff was being detained. Plaintiff claims that "she stated that there was no arrest order, no blue warrant, no white warrant, nothing." Plaintiff alleges that Judge Shuler then asked why Plaintiff was held in custody and that Defendant Johnson "stated that there was a Post-em note in Plaintiff's file which said 'hold for Texas per Kay Aubrey, New Mexico Parole Officer,' but no additional information." According to Plaintiff, Judge Shuler ordered Defendant Johnson to take Plaintiff back to the County Jail and said "don't feed him, don't shower him, I want him out of these clothes and dressed in his street clothing and get him out immediately..." Plaintiff was released from jail and subsequently arrested for parole violation. He is presently confined in a Texas corrections facility.

Plaintiff requested that his 46 day period of confinement at ECDC be credited toward the completion of his Texas sentence. A letter from the Texas State Counsel for Offenders Office dated March 29, 2001 regarding his request stated that "[a]ccording to Eddy County, New Mexico, you

---

[1] All exhibits refer to the exhibits attached to Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment based upon Qualified Immunity unless otherwise noted.

were held there for several charges you picked up while in that county.  However, they had no record of you being in their custody with a hold for Texas parole violation." Exh. D.  The Texas Custodian of Offender Records denied his Plaintiff's request on May 7, 2002.  Exh. C.

Plaintiff  filed this §1983 claim seeking damages and equitable relief against Eddy County, Eddy County Manager Steve Massey, the Eddy County  Board of Commissioners, the City of Carlsbad,  ECDC Administrator, Captain Leslie Johnson, New Mexico Parole Officer,  Kay Aubrey, and Gerald Garrett, the acting director of the Texas Parole Division.   This Court's Memorandum Opinion and Order filed October 23, 2002, dismissed  Plaintiff's claims against Eddy County, the Eddy County Board of Commissioners,   the  City of Carlsbad and  Defendant Garrett.  [Doc. 9].

Defendants Johnson and Massey argue that they are entitled to summary judgment on all of Plaintiff's claims in this matter on the grounds of qualified immunity.   Defendant Johnson, a Captain at ECDC, claims that she was holding Plaintiff pursuant to a Judgment and Sentence and  a State of New Mexico Arrest Order No. 5A-00-131 which required that ECDC hold Plaintiff because Plaintiff had violated the terms of his parole.   Exh. A to Plaintiff's Brief in Support of Summary Judgment on Qualified Immunity.  Defendant Johnson contends that she had no authority to order the release of anyone from ECDC without proper documentation from the State of New Mexico Corrections Department. Defendant Massey, the Eddy County Manager, states that he has no authority to order the release of any person from ECDC under any circumstances and  that prior to this lawsuit, he had no knowledge that Plaintiff was held at ECDC.

The Supreme Court enunciated the standard by which claims of qualified immunity are to be evaluated in <u>Harlow v.Fitzgerald</u>, 457 U.S. 800, 818 (1982) providing that government officials performing discretionary functions are not liable for their conduct, "unless their actions violate clearly

3

established statutory or constitutional rights of which a reasonable person would have known." Hilliard v. City and County of Denver, 930 F.2d 1516, 1518 (10th Cir.); cert. denied, 502 U.S. 1013 (1991).  The plaintiff bears a two-part burden.  First, the plaintiff must demonstrate that "defendant's actions violated a constitutional or statutory right." Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir.1995). Secondly, the plaintiff must show that "the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." Id. (citing Davis v. Scherer, 468 U.S. 183, 197 (1984)).  Thus, the first determination that the Court must make is "whether the plaintiff has asserted a violation of a constitutional right at all." Siegert v. Gilley, 500 U.S. 226, 232 (1991) (quoted in Albright, 51 F.3d at 1534).  The plaintiff must identify "the clearly established constitutional right and the defendant's conduct which violated the right with specificity," Albright, 51 F.3d at 1535 (quoting Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir.1995)), and "to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).  While the act in question "does not have to have previously been held unlawful, 'in the light of pre-existing law the unlawfulness must be apparent.' " Id. (quoting Anderson, 483 U.S. at 640).  This is ordinarily indicated by a Supreme Court or Tenth Circuit decision on point, or by the clearly established weight of authority from other courts. Id.  Unless both prongs of the test are satisfied, qualified immunity must be granted. See Clanton v. Cooper, 129 F.3d 1147, 1153-54 (10th Cir. 1997).  If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment--showing "that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." Nelson v. McMullen, 207 F.3d (10th Cir.2000).

4

With respect to Defendant Massey, Plaintiff has failed to allege personal involvement in the constitutional violation. A plaintiff may not support a civil rights action pursuant to 42 U.S.C. ·§1983 against a state official solely on a theory of respondeat superior liability by the defendant for the actions of workers he supervises. See Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 816-17 ( 10th Cir. 1981), cert. denied, 459 U.S. 840 (1982).

Defendant Massey's affidavit states that he had no knowledge that Plaintiff was held at ECDC and no authority to release any individual being held in that facility. Furthermore, mere knowledge of an alleged constitutional violation will not support 1983 liability. See, e.g., Langley v. Adams County, Colorado, 987 F.2d 1473, 1481 (10th Cir. 1993)(plaintiff alleged defendant took no action "in face of constitutional abuses"). Plaintiff failed to make specific allegations that this defendant personally violated his constitutional or statutory rights. The Court therefore finds that Defendant Massey is entitled to qualified immunity.

Defendant Johnson is differently situated. Her affidavit also states that she lacked authority to release Plaintiff from ECDC. However, Plaintiff alleges that Defendant Johnson was informed that Plaintiff repeatedly requested counsel and a court hearing. Plaintiff also claims that Defendant Johnson testified in his state habeas proceeding that ECDC did not have a warrant in its possession which justified Plaintiff's detention after his two day sentence was served, but instead held Plaintiff for 46 days based only on the "hold for Texas" note attached to his file. Although Defendant Johnson's affidavit does not address that issue, Plaintiff's claims receive some support from Judge Schuler's Order directing that Mr. Flores be immediately released from ECDC following his habeas hearing, Exh. B, and the letter from the Texas State Counsel for Offenders stating that there was no record of Plaintiff being held at ECDC on a Texas parole violation sentence.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the Supreme Court held that a parolee has a protected liberty interest in retaining his conditional freedom. The Court extended some due process protections to parole and probation revocation proceedings but also made it clear that such proceedings are not part of a criminal prosecution and that the full panoply of rights afforded a defendant in a criminal trial do not apply.

The question presented by Plaintiff is whether the procedures afforded Plaintiff in depriving him of his freedom were constitutionally sufficient. If the county defendants were holding Plaintiff according to a facially valid warrant issued by the Parole Commission, then Plaintiff's alleged requests for counsel and a hearing would be viewed in a different light than the same requests would be viewed in the absence of such a document. Although a parole violator is ordinarily entitled to a preliminary hearing, the Tenth Circuit in McDonald v. New Mexico Parole Board, 955 F.2d 631 (10th Cir. 1991) stated that "where [a parolee] has been convicted of an intervening offense, the preliminary hearing is unnecessary because probable cause has already been established by the subsequent conviction." Id. at 633 (citing Moody v. Daggett, 429 U.S. 78, 86 n.7 (1976)). Because Plaintiff's original incarceration at ECDC was for an offense which violated the terms of his parole, if he was held pursuant to a parole violator warrant his constitutional rights would not have been violated by denial of an immediate hearing.

Plaintiff's affidavit maintains that the warrant submitted by the Defendants for the Court's review was fraudulently created to obtain summary judgment. Although the Court doubts the validity of this assertion, the record is incomplete for the purposes of summary judgment on this issue. Even if the warrant was properly issued during the time Plaintiff was being held at ECDC, if ECDC did not have the warrant until after Plaintiff was released from custody, Defendant Johnson can not

reasonably argue that she relied in good faith on the document to justify denial of Plaintiff's alleged repeated requests for counsel and a hearing.

Certain factual issues remain unresolved. Plaintiff's largely unsubstantiated version of the facts, if accurate, meets both requirements of the test to defeat a defense of qualified immunity. Defendant Johnson's affidavit indicates that Plaintiff was held pursuant to a valid warrant. Assuming that is the case, Defendant Johnson's actions would not have violated Plaintiff's constitutional rights. According to Plaintiff, however, Defendant Johnson testified that she did not have a warrant at the time of Plaintiff's state habeas hearing. That issue is not addressed by Defendant Johnson's affidavit and the Court has no record of that hearing. Although Defendant Johnson may ultimately be entitled to summary judgment in this case, the Court presently lacks sufficient information to make that decision.

The Magistrate Judge will therefore order <u>Martinez</u> reports from the two remaining defendants in this case, Defendant Johnson and Defendant M.B. Aubrey, a parole officer who did not join the County defendants in the instant motion, in order to further develop the factual basis for Plaintiff's contentions. The reports may be used in deciding whether to grant summary judgment on Plaintiff's remaining claims.

## RECOMMENDATION

The Magistrate Judge recommends that Defendant's Motion for Summary Judgment Based on Qualified Immunity, filed July 22, 2003 [Doc. No. 26] be GRANTED as to Defendant Massey and DENIED as to Defendant Johnson.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

7